**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

UNITED STATES OF AMERICA
for the use and benefit of
NORTHERN ELECTRIC, INC.,

Plaintiff,

v.

METHUEN CONSTRUCTION CO., INC.,

BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY,

ARGONAUT INSURANCE COMPANY,

and

XL SPECIALTY INSURANCE COMPANY,

Defendants.

Civil Action No. ________________

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, Northern Electric, Inc., by and through undersigned counsel, and complains against the Defendants as follows:

**THE PARTIES**

1. Plaintiff Northern Electric, Inc., is and at all times relevant hereto was a Maine corporation engaged in the business of providing electrical contracting work, with a principal place of business in Ashland, Aroostook County, Maine.

2. Defendant Methuen Construction Co., Inc., is a Massachusetts corporation engaged in the business of construction contracting, with a principal place of business located in Plaistow, Rockingham County, New Hampshire.

3. Defendant Berkshire Hathaway Specialty Insurance Company is and at all times relevant hereto was a Nebraska corporation engaged in the business of issuing construction industry surety bonds, with a principal place of business located in Omaha, Douglas County, Nebraska.

4. Defendant Argonaut Insurance Company is and at all times relevant hereto was an Illinois corporation engaged in the business of issuing construction industry surety bonds, with a principal place of business located in San Antonio, Bexar County, Texas.

5. Defendant XL Specialty Insurance Company is and at all times relevant hereto was a Delaware corporation engaged in the business of issuing construction industry surety bonds, with a principal place of business located in Stamford, Fairfield County, Connecticut.

**JURISDICTION & VENUE**

6. At all times relevant hereto, Defendant Methuen Construction Co., Inc., was a general contractor on a construction project at the Portsmouth Naval Shipyard in Kittery, Maine. The project involved the construction or renovation of a public building or work of the United States that was under the custody and control of the United States Navy. The general contract between Defendant Methuen Construction Co., Inc., and the Department of the Navy exceeded $100,000 in value. Plaintiff was hired by Defendant Methuen Construction Co., Inc., to furnish labor, material, and services as a subcontractor on that project. Accordingly, jurisdiction over the action against Defendant Methuen Construction Co., Inc., is proper pursuant to 40 U.S.C. § 3133(b). Furthermore, Plaintiff has a principal place of business in Maine while Defendant is principally located in other states and the amount in controversy involved herein exceeds $100,000.

7. Jurisdiction over the action against Defendant Berkshire Hathaway Specialty Insurance Company is conferred by 40 U.S.C. § 3133(b) because Plaintiff seeks to recover under a so-called Miller Act surety bond issued by Defendant Berkshire Hathaway Specialty Insurance Company on the Portsmouth Naval Shipyard project referenced above, and because Plaintiff has a principal place of business in Maine while Defendant is principally located in other states and the amount in controversy involved herein exceeds $100,000.

8. Jurisdiction over the action against Defendant Argonaut Insurance Company is conferred by 40 U.S.C. § 3133(b) because Plaintiff seeks to recover under a so-called Miller Act surety bond issued by Defendant Argonaut Insurance Company on the Portsmouth Naval Shipyard project referenced above, and because Plaintiff has a principal place of business in Maine while Defendant is principally located in other states and the amount in controversy involved herein exceeds $100,000.

9. Jurisdiction over the action against Defendant XL Specialty Insurance Company is conferred by 40 U.S.C. § 3133(b) because Plaintiff seeks to recover under a so-called Miller Act surety bond issued by Defendant XL Specialty Insurance Company on the Portsmouth Naval Shipyard project referenced above, and because Plaintiff has a principal place of business in Maine while Defendant is principally located in other states and the amount in controversy involved herein exceeds $100,000.

10. Proper venue for this action is the District of Maine pursuant to 40 U.S.C. § 3133(b)(3) because this controversy concerns the construction of a public building or works located in Kittery, Maine, and also because Plaintiff has a principal place of business in Maine.

## JURY DEMAND

11. Plaintiff demands a jury trial on all relevant issues of fact.

**STATEMENT OF FACTS**

12. Defendant Methuen Construction Co., Inc., entered into a general contract with the United States Navy Facilities Engineering Systems Command (NAVFAC) on August 30, 2021, regarding labor, materials, and services for a construction project at the Portsmouth Naval Shipyard's Dry Dock #2 Complex in Kittery, Maine. The general contract was designated as Contract No. N4008521C0051.

13. Pursuant to the provisions of 40 U.S.C. § 3131, Defendant Methuen Construction Co., Inc., as principal, and Defendants Berkshire Hathaway Specialty Insurance Company, Argonaut Insurance Company, and XL Specialty Insurance Company, as sureties, executed and delivered to the United States Navy their bond, conditioned as required by the Miller Act, for the protection of all persons supplying labor and materials in the carrying out of the work provided for in the general contract.

14. Defendants' payment bond on this project is in the penal sum of $54,739,630.00 and is designated as Bond No. 47-SUR-300132-01-0057, SUR0069238, US00111641SU21A. A true copy of the bond is attached hereto as Exhibit A.

15. The completion deadline for the project set forth in the general contract was October 29, 2023.

16. On December 23, 2021, Defendant Methuen Construction Co., Inc., entered into a subcontract agreement with Plaintiff pursuant to which Plaintiff agreed to provide labor, materials, services, and equipment in connection with furnishing and installing electrical work as required under the general contract, and as detailed in the subcontract, for the Portsmouth Naval Shipyard project described above.

17. A primary obligation of Defendant Methuen Construction Co., Inc., under the general contract was to diligently coordinate and oversee the work of the various trade contractors so that work on the Portsmouth Naval Shipyard project could proceed in a workmanlike and efficient manner. Similarly, Defendant Methuen Construction Co., Inc., was obligated to communicate with the trade contractors and the United States Navy regarding the progress of the work and the planning of upcoming work activities to allow the trade contractors to plan for and provide their work and staffing.

18. Plaintiff performed substantially its obligations under the subcontract in a timely and workmanlike fashion, and furnished labor, material, and services as required by the subcontract.

19. Despite the completion deadline set forth in the general contract, the project fell significantly behind schedule. The completion deadline was extended to May 15, 2025.

20. The delays and disruptions to the project's completion were caused or compounded by Defendant Methuen Construction Co., Inc.'s failure to properly communicate with and coordinate the work of the various trade subcontractors, including Plaintiff.

21. At no time did Plaintiff materially contribute to the project's delays.

22. At all times relevant hereto, Plaintiff maintained adequate and appropriate staffing levels for the project.

23. On or about July 19, 2024, Defendant Methuen Construction Co., Inc. notified Plaintiff to stop work on the project due to the Navy Facilities Engineering Systems Command (NAVFAC) determining that it would no longer move forward with the project.

24. After the stop-work order was issued, Defendant Methuen Construction Co., Inc., requested that Plaintiff submit a settlement claim and stated that it would negotiate a final, or "close out," payment with NAVFAC on behalf of all of its subcontractors.

25. On or about August 9, 2024, Plaintiff submitted its settlement claim, enclosing documents detailing costs incurred during the demobilization phase, including labor, equipment removal, site cleanup, and other related expenses.

26. Plaintiff has subsequently provided Defendant Methuen Construction Co., Inc., with additional information regarding the claim on several occasions when requested to do so and completed final documentation of the claim on July 30, 2025 at the request of Defendant.

27. Upon information and belief, Plaintiff requested, in writing, additional time and compensation stemming from the project's delays, shifting and contradictory expectations, defective or deficient plans and specifications, and project demobilization, including but not limited to temporary power, additional off-site storage, delivery of stored materials, equipment rental and transport, salvage materials, worker displacement, and additional project management time and labor.

28. Plaintiff informed Defendant Methuen Construction Co., Inc., in writing that it expected to be compensated beyond the amount specified in the subcontract.

29. Plaintiff has repeatedly requested information regarding the status of negotiations between Defendant Methuen Construction Co., Inc., and NAVFAC in relation to the settlement claims submitted by the project's subcontractors.

30. Upon information and belief, Defendant Methuen Construction Co., Inc. has received final payment for the project from NAVFAC.

31. Despite multiple written requests and inquiries, Defendant Methuen Construction Co., Inc., has refused to pay any funds to Plaintiff pursuant to the subcontract agreement.

**COUNT I: BREACH OF CONTRACT BY DEFENDANT METHUEN CONSTRUCTION CO., INC. (MILLER ACT CLAIM – 40 U.S.C. § 3131 *et seq.*)**

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-31 as if fully set forth herein.

33. Defendant Methuen Construction Co., Inc., had a construction contract with Plaintiff regarding substantial construction activity at the Portsmouth Naval Shipyard.

34. Per the Miller Act, 40 U.S.C. § 3131 *et seq.*, Defendant Methuen Construction Co., Inc., breached its obligation to Plaintiff by failing and refusing to make payments for labor, materials, and services per Plaintiff's demands made pursuant to the contract described above.

35. Plaintiff has suffered damages due to Defendant Methuen Construction Co., Inc.'s material breach of the Portsmouth Naval Shipyard contract.

**WHEREFORE,** Plaintiff demands judgment against Defendant Methuen Construction Co., Inc., in an amount to reasonably and fairly compensate it for all damages, late payments, legal fees, and interest pursuant to 10 M.R.S. § 1111 *et seq.*

**COUNT II: SURETY CLAIM AGAINST DEFENDANT BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY (MILLER ACT CLAIM – 40 U.S.C. § 3131 *et seq.*)**

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-31 as if fully set forth herein.

37. Defendant Berkshire Hathaway Specialty Insurance Company has breached its obligation to Plaintiff as set forth in the Miller Act, 40 U.S.C. § 3131 *et seq.*, and per the terms of

the surety payment bond as set forth herein in that it has failed and refused to pay Plaintiff those monies due for labor, materials, and services advanced on the project.

38. Plaintiff has suffered substantial damages in an amount to be proved at trial as a result of Defendant Berkshire Hathaway Specialty Insurance Company's failure to perform under the terms of the surety agreement.

39. Plaintiff has complied with all applicable notice provisions required by law.

40. Plaintiff is entitled to recovery of penalties on late payments, interest, and legal fees from Defendants under 10 M.R.S. § 1111 *et seq.*

41. All conditions precedent to the maintenance of this action have been performed or have occurred.

**WHEREFORE,** Plaintiff demands judgment against Defendant Berkshire Hathaway Specialty Insurance Company in an amount to be proven at trial together with interest, penalties, costs, and attorney's fees, and such other relief as this Court may deem just.

**COUNT III: SURETY CLAIM AGAINST DEFENDANT ARGONAUT INSURANCE COMPANY**
**(MILLER ACT CLAIM – 40 U.S.C. § 3131 *et seq.*)**

42. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-31 as if fully set forth herein.

43. Defendant Argonaut Insurance Company has breached its obligation to Plaintiff as set forth in the Miller Act, 40 U.S.C. § 3131 *et seq.*, and per the terms of the surety payment bond as set forth herein in that it has failed and refused to pay Plaintiff those monies due for labor, materials, and services advanced on the project.

44. Plaintiff has suffered substantial damages in an amount to be proved at trial as a result of Defendant Argonaut Insurance Company's failure to perform under the terms of the surety agreement.

45. Plaintiff has complied with all applicable notice provisions required by law.

46. Plaintiff is entitled to recovery of penalties on late payments, interest, and legal fees from Defendants under 10 M.R.S. § 1111 *et seq.*

47. All conditions precedent to the maintenance of this action have been performed or have occurred.

**WHEREFORE,** Plaintiff demands judgment against Defendant Argonaut Insurance Company in an amount to be proven at trial together with interest, penalties, costs, and attorney's fees, and such other relief as this Court may deem just.

**COUNT IV: SURETY CLAIM AGAINST DEFENDANT XL SPECIALTY INSURANCE COMPANY (MILLER ACT CLAIM – 40 U.S.C. § 3131 *et seq.*)**

48. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-31 as if fully set forth herein.

49. Defendant XL Specialty Insurance Company has breached its obligation to Plaintiff as set forth in the Miller Act, 40 U.S.C. § 3131 *et seq.*, and per the terms of the surety payment bond as set forth herein in that it has failed and refused to pay Plaintiff those monies due for labor, materials, and services advanced on the project.

50. Plaintiff has suffered substantial damages in an amount to be proved at trial as a result of Defendant XL Specialty Insurance Company's failure to perform under the terms of the surety agreement.

51. Plaintiff has complied with all applicable notice provisions required by law.

52. Plaintiff is entitled to recovery of penalties on late payments, interest, and legal fees from Defendants under 10 M.R.S. § 1111 *et seq.*

53. All conditions precedent to the maintenance of this action have been performed or have occurred.

**WHEREFORE,** Plaintiff demands judgment against Defendant XL Specialty Insurance Company in an amount to be proven at trial together with interest, penalties, costs, and attorney's fees, and such other relief as this Court may deem just.

**COUNT V: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING BY DEFENDANT METHUEN CONSTRUCTION CO., INC.**

54. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-31 as if fully set forth herein.

55. Defendant Methuen Construction Co., Inc., owed Plaintiff a duty of good faith and fair dealing with regard to the management and enforcement of the construction contracts and activity at the Portsmouth Naval Shipyard.

56. Defendant Methuen Construction Co., Inc., breached that duty by improperly denying payment of Plaintiff's claims under the terms of the subcontract regarding reasonable and necessary extended overhead, extra cost, extra expense, and extra profit claims.

57. Plaintiff was damaged by Defendant Methuen Construction Co., Inc.'s bad faith and unfair dealings.

**WHEREFORE,** Plaintiff demands judgment against Defendant Methuen Construction Co., Inc., in an amount to reasonably and fairly compensate it for all damages, including consequential damages, plus attorney's fees, costs, interest, loss of use of the premises, and such other damages as this Court may deem just.

DATED in Portland, Maine this 29th day of July, 2026.

*/s/ Robert W. Weaver, Esq.*

Robert W. Weaver, Esq., Bar No. 004892
Attorney for Northern Electric, Inc.

Thistle Weaver & Morris
183 Middle Street, 4th Floor
Portland, Maine 04101
(207) 772-0303
rweaver@twmmaine.com